TERRITORY OF OKLAHOMA v. W. A. STROUD.
(Filed September 2, 1897.)

1. LEGISLATURE—*Powers Of.* The legislature of this Territory has been given the power, under our Organic Act, to legislate upon all rightful subjects of legislation, and the grant of power thus conferred is ample to enable the legislature to pass statutes providing a procedure, which shall govern in the prosecution of parties charged with a violation of law, unless some restriction upon such power be found in the Organic Act.

2. ORGANIC ACT. Section 10 of the Organic Act of this Territory does not prevent the legislature from enacting laws providing for the prosecution of misdemeanors by information, without first having given the accused a preliminary examination.
   (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before A. G. C. Bierer, District Judge.*

*J. L. Brown, County Attorney of Oklahoma County,* for plaintiff in error.

*Charles H. Eagin,* for defendant in error.

This case is brought up by the county attorney of Oklahoma county, and involves the decision of the trial judge upon a demurrer to a complaint. The opinion states all the facts necessary for a determination of the question involved.

Opinion of the court by

DALE, C. J.: April 15, 1895, J. L. Brown, county attorney of Oklahoma county, filed in the district court of said county an information against one W. A. Stroud, charging that Stroud was carrying on a saloon business in violation of sec. 27, ch. 47, Statutes 1893, relating to intoxicating liquors. The section referred to provides for keeping the windows and doors of places where liquor is retailed unobstructed by screens, paint or other articles, and also provides that upon a conviction of a violation of the statute, the person so convicted shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars, or be imprisoned in the county jail not less than ten days, or both, in the discretion of the court.

To this information a demurrer was filed and the trial judge sustained the same, thereby holding that certain sections amendatory to the procedure criminal act of this Territory are unconstitutional, being in contravention of the Organic Act.

The sections of our criminal procedure act called in question by the decision upon the demurrer, are a part of the session laws of 1895, and were intended as amendments to the original act of criminal procedure; and it was intended by the adoption of such amendments to provide for the prosecution of certain misdemeanors by information, instead of indictment, as had been previously required under our act. The sections which are in question and to be construed by this opinion will be found upon pp. 188-9 of our session laws of 1895, and are as follows:

"SECTION 2. That section 4862 be and the same is hereby amended to read as follows: Section 4862. Every public offense must be prosecuted by indictment, except: First. When proceedings are had for the removal of civil officers of the Territory, or of any county, township, city or municipal officers, which shall be proceeded with as provided for removal of civil officers. Second. Offenses arising in the militia when in actual service, and in the land and naval forces in the time of war, or which the Territory may keep with the consent of congress in the time of peace. Third, Misdemeanors which shall be tried on information or indictment, as hertofore provided.

"SEC. 3. That sec. 523 of the Statutes of Oklahoma, of 1893, be amended to read as follows: Section 523. Every felony must be prosecuted by indictment in the district court. Misdemeanors must be prosecuted by information, except violations of the criminal provisions of art. 56 of ch. 25, and ch. 47, of the Statutes of 1895, which may be prosecuted either by information or indictment: *provided*, however, that the district court or the judge thereof, may, by order made, direct that any particular misdemeanor be presented to the grand jury, and when so ordered it may be prosecuted by indictment."

Sections 4, 5, 6, and 7 which follow the foregoing, provide for the punishment upon conviction, and for the filing and verification of the information, amending the same, and the court in which it may be filed.

It is asserted in the brief of counsel for appellee that the foregoing provisions of the law are unconstitutional, because in contravention of the provisions of sec. 10 of our Organic Act. The section referred to is as follows:

"SECTION 10. Persons charged with any offense or crime in the Territory of Oklahoma, and for whose arrest a warrant has been issued may be arrested by the United States marshal or any of his deputies, wherever found in

said Territory, but in all cases the accused shall be taken, for preliminary examination, before a United States commissioner or a justice of the peace of the county, whose office is nearest to the place where the offense or crime was committed. All offenses committed in said Territory, if committed within any organized county, shall be prosecuted and tried within said county, and if committed within territory not embraced in any organized county, shall be prosecuted and tried in the county to which such territory shall be attached for judicial purposes." * * *

We deem it profitable in the discussion of this case to note briefly the history of prosecutions by information in this country, in order to determine, first, whether or not the legislature was adopting a novel method in procedure criminal in providing for prosecutions by information; and, second, whether or not causes may be so prosecuted without the accused first having had a preliminary examination.

Reverting to the first proposition it will be found that in most states provision is made for prosecution by information, and that there is nothing in the constitution of the United States or in the Organic Act of this Territory which prevents a prosecution of misdemeanors by information. Indeed it is now well settled by the decisions of the supreme court of the United States, that for any crime against the laws of the United States a person may be prosecuted by information unless the punishment for the commission of such crime subjects the person convicted to death or imprisonment in a penitentiary. (*Ex parte Wilson*, 114 U. S. 417; *Mackin et al. v. U. S.* 117 U. S. 348; *United States v. Dewalt*, 128 U. S. 348.)

It is contended by counsel for appellee that before the information may be filed, the accused must have had a

preliminary examination before a magistrate, and this view is urged because, as stated, under the law of the United States and universal practice in the federal courts, this right of requiring the public prosecutor to establish probable cause before the accused shall be put upon his final trial has been uniform. We are cited to no law of congress which directs a preliminary examination before proceedings directly by information may be instituted in the federal courts; but numerous cases arising in the federal courts are cited in support of such view. It may be conceded that in the federal courts such a rule prevails, and still such rule would not prevent the territorial legislature from making a different one for causes to be prosecuted in this Territory where the offense is one against our local laws. Prosecutions for crimes against the laws of the federal government are restricted by the amendments to the constitution of the United States, and it has been held that art. 4 of such amendments was adopted with intent to restrict and limit the power of the United States, and place such powers under strong prohibitions. (*Luther v. Bourbon*, 7 How. 66.)

And by reason of this amendment the federal courts hold that a party may not be prosecuted upon an information except upon affidavits which show probable cause arising from facts within the knowledge of the parties making them. (*United States v. Farrington et al.* 5 Fed. Rep. 343; *United States v. Turead*, 20 Fed. Rep. 621; *United States v. Smith*, 40 Fed. Rep. 755.)

While this is true as relates to prosecutions for offenses against the laws of the United States, yet it appears to be equally well settled that the limitations and restrictions found in the amendments to the constitution

of the United States above referred to are not binding upon the states. (*Smith v. Maryland*, 18 How. 71; *Barron v. Mayor &c.*, 7 Peter, 243; *Lessee v. Livingston*, 7 Peter, 469; *Fox v. Ohio*, 5 How. 410.)

The legislature of this Territory has been given the power under our Organic Act to legislate upon all rightful subjects of legislation and it will be conceded without argument that the grant of power thus conferred is ample to enable the legislature to pass criminal statutes and to provide a procedure which shall govern in the prosecution of parties charged with a violation of them, unless some restriction upon such power be found in the Organic Act. And this brings us to a consideration of the scope and effect to be given to sec. 10, *supra,* which appellee insists in controlling this question.

Analysis of said section shows that its primary purpose was to provide for an examination of an accused person in the county where the offense or crime was committed. This purpose is more clearly demonstrated by the language found in the latter part of the section above quoted, which provides that "all offenses committed in said Territory, if committed within any organized county, shall be prosecuted and tried within said county, and if committed within territory not embraced in any organized county, shall be prosecuted and tried in the county to which such territory shall be attached for judicial purposes."

Construing the provisions of the section as a whole, which relate to the arrest, prosecution and trial of offenders, it will be seen that congress intended to provide against the removal of parties accused of crime from the county of their residence before they shall have had a

preliminary examination, and also to provide for their trial in the county where the offense or crime was committed. Giving to the section this construction it will meet the evil which congress intended to guard against. It is well known that without such a provision persons would be liable to arrest upon warrants issued from courts in counties remote from the residence of the accused, taken from their homes and friends and put to great expense and hardship in defending themselves; and that in all cases the citizen should be protected against such oppressive acts, and that he should not be removed from a county until there was at least a showing of probable cause against him. The requirement that he should be prosecuted and tried in the county where the offense or crime was committed, is in full harmony with the idea and purpose of congress in requiring the prosecution to establish the guilt of the accused before a jury summoned from the vicinage or locality where said accused should reside. That congress did not intend to provide for a preliminary examination in all cases, must be apparent when we consider the fact that many persons are arrested for the first time upon a warrant based upon an indictment, and in all such cases no preliminary examination is had; neither will it be contended that such an examination is contemplated by reason of the provisions of the section under consideration. If the provisions of said section are to receive the construction contended for, there is as much reason for requiring a preliminary examination where the person is arrested upon a warrant issued upon an indictment, as there is if such person be arrested upon a warrant issued upon a complaint sworn to before some examining magistrate. An inquiry and investigation by a grand jury differs in essential

particulars from a preliminary examination. The finding is always secret, and conducted as an *ex parte* proceeding without knowledge upon the part of the defendant, while the latter is openly held, with the accused always present, and with an opportunity to defend against his accusers; and though it is not contended that the section under consideration contemplates a preliminary examination where a warrant for arrest is based upon an indictment, yet there is found in the language of the section as much to support the latter as the former contention.

*Ex parte Haly*, 1 Okla. 12, is cited as authority in support of the contention of appellee; but the question for consideration in that case was not similar to the one we are now dealing with. All that *ex parte Haly* decided was that a deputy United States marshal, under sec. 10 *supra*, is authorized to serve warrants issued for an offense or crime committed against the territorial laws, and that a circuit court commissioner had authority to conduct a preliminary examination. We do not regard that case as decisive of or as bearing upon the question we are here discussing.

We think that there is nothing in the Organic Act of our Territory or of the constitution of the United States which prohibits the territorial legislature from enacting laws which provide for the prosecution of certain misdemeanors by direct proceeding, without a preliminary examination as a prerequisite to such a prosecution. Congress intended to permit the people of this Territory to pursue their own methods in regulating their local affairs, except to the extent limited by the Organic Act, and if we should sustain the contention of counsel for

appellee, we would lose sight of the great central idea of congress in providing for local self-government for the Territory, and be thrown out of harmony with the plan of congress in providing for territorial form of governments. One of the clearest expressions we have seen relative to the scheme of government which congress allows and creates for the existing territories is found in the opinion by Chief Justice Chase in *Clinton v. Englebrecht*, 13 Wall. 434 and is as follows:

"The theory upon which the various governments of portions of the territory of the United States have been organized, has been that of leaving to the inhabitants all the powers of self-government consistent with the supremacy and supervision of national authority, and with certain fundamental principles established by congress."

We conclude therefore that the trial court erred in sustaining the demurrer, and the judgment of the lower court is reversed and the case remanded, and the court below directed to overrule the demurrer and assign the cause for trial.

Bierer, J., who presided at the trial of the cause in the court below, not sitting; all the other Justices concurring.